■ ECOLOGICS MANAGEMENT, INC., Respondent-Appellant, v DANIEL MALLABER et al., Appellants-Respondents.—Order unanimously reversed on the law with costs to defendants, cross motion granted and complaint dismissed. Memorandum: Plaintiff agreed to purchase defendants' property on or before February 28, 1988. The contract required a mortgage financing contingency to be satisfied by January 25, 1988, and a permit approval contingency to be satisfied prior to the date of closing. Neither contingency was satisfied by the date of closing or by an adjourned date for closing that was scheduled by the sellers. The sellers thereafter gave the buyer written notice of cancellation. This appeal is from an order wherein the court, upon reargument, adhered to its original determination denying summary judgment. The court concluded that the sellers, by failing to appear at the closing on the adjourned date to accept tender of payment in cash, waived the mortgage financing contingency, but concluded that a factual issue existed whether the permit approval contingency clause of the contract was for the sole benefit of the buyer or the mutual benefit of both parties. Because resolution of that issue would be determinative of the sellers' right to cancel, the court directed an immediate trial of that issue.

Supreme Court erred in concluding that there was a factual issue regarding benefit. The contract unambiguously empowers either party to cancel the contract upon nonperformance of any of the stated contingencies. The sellers, as a matter of law, had the right to cancel the contract, and the court's consideration of extrinsic evidence was improper *(W. W. W. Assocs. v Giancontieri,* 77 NY2d 157). Accordingly, defendants' cross motion for summary judgment should have been granted. (Appeals from Order of Supreme Court, Livingston County, Houston, J.—Summary Judgment.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.